UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KIANA PAOLA GARCIA,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cr3128-LAB-1 and 18cv2524-LAB<br><br>**ORDER DENYING PETITION UNDER 28 U.S.C. § 2255** |

Defendant Kiana Paola Garcia pled guilty pursuant to a plea agreement to one count each of importation of methamphetamine, cocaine, and heroin. On December 20, 2017, the Court sentenced her to 50 months' imprisonment on each count, to run concurrently, followed by four years' supervised release on each count, also to run concurrently. Under her plea agreement, she waived appeal and collateral attack, other than on the basis of ineffective assistance of counsel. (*See* Docket no. 14 (Plea Agrmt.), at 14.)

On November 5, 2018, she filed a petition to vacate her conviction under 28 U.S.C. §2255. (Docket no. 27 (Pet.).) The Court ordered the government to file, as a response, a transcript of Garcia's change of plea hearing before Magistrate Judge William Gallo, which the government has now done. (Docket no. 29.)

///

Garcia argues that her lawyer, Mr. Schlein, was ineffective, because he contacted her mother to ask for some unspecified documents, even though she asked him not to. (Pet. at 4.) She also argues that he failed to communicate with her before and after her guilty plea. (*Id.* at 5, 7.) Specifically, she claims he rushed her into signing the plea agreement, did not provide her with some unspecified discovery documents, and did not confer with her about some unspecified concerns she had about the presentence report. (*Id.*) Garcia also argues that her counsel never told her that he could argue with the prosecutor for a lesser sentence and did not argue forcefully enough for a lower sentence. (*Id.* at 7.) She also mentions that at sentencing, the prosecutor made some favorable arguments that she had never heard her own attorney mention. (*Id.*)

To be entitled to a hearing, a defendant petitioning under § 2255 must allege specific facts which, if true, would entitle her to relief. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). No hearing is required in order to examine vague or conclusory allegations. *Blackledge v. Allison*, 431 U.S. 63, 72–73 (1977); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Likewise, under 28 U.S.C. § 2255(b), if the records and files and the petition itself conclusively show that the prisoner is not entitled to relief, no hearing is required.

To establish a claim for ineffective assistance of counsel, a defendant must show both that her counsel's performance fell below an objective standard of reasonableness, and that it prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* test to guilty pleas based on alleged ineffective assistance of counsel).

No hearing is required as to most of Garcia's claims. Even assuming Garcia's attorney did not have express or implied consent to contact her mother for information, Garcia does not point to any prejudice as a result of this alleged violation. Claims regarding discovery and unspecified concerns about the

presentence report are vague, and Garcia does not identify any prejudice from these supposed errors either. She also argues that her lawyer did not visit her enough, though she agrees he visited her several times for around fifteen minutes and that she was able to contact him. Other than not being given enough time to consider her guilty plea (which is discussed below), she has not identified any prejudice from lack of communication with her lawyer.

Garcia's claims concerning her lawyer's allegedly inadequate efforts to obtain a lighter sentence do not satisfy either of the *Strickland* prongs. The record makes clear her lawyer obtained a favorable plea offer, and communicated it to her, which she accepted. Both her attorney and the government asked the Court to give her the benefit of fast track, acceptance of responsibility, minor role, and safety valve. (*See* Docket nos. 22, 24 (Sentencing Summary Charts).) She was ultimately sentenced to 51 months, well below the low end of the guideline range which was 70 months. She has not alleged any facts suggesting a more favorable plea deal was reasonably likely. Other than a conclusory suggestion that her lawyer should have argued with the prosecutor, she has not suggested what he could have done to obtain a more favorable plea deal. She also claims he was ineffective for allowing the prosecutor to make certain arguments at sentencing, instead of making them himself. But she has not pled facts suggesting this was an ineffective strategy or that it in any way prejudiced her. Nor has she pointed to anything her lawyer should have said that the Court was not made aware of.

The only reasonably plausible claim was that Garcia's lawyer rushed her into deciding whether to plead guilty, and into signing the plea agreement. Here, the transcript of the change of plea hearing belies the unsworn allegations in her petition. At that hearing, when Garcia was under oath (Docket no. 29 (Tr.) at 3:11), the following colloquy took place between her, Magistrate Judge Gallo, and her lawyer, Mr. Schlein:

///

| | |
|---|---|
| 1 | The Court: Before you signed and initialed the plea agreement, did you read it over carefully or have it translated and read to you in order to understand it? |
| 2 | |
| 3 | . . . |
| 4 | The Defendant: Yes. |
| 5 | The Court: Have you had sufficient time to discuss your case and the plea agreement with your attorney and have all of your questions answered? |
| 6 | |
| 7 | . . . |
| 8 | The Defendant: Yes. |
| 9 | The Court: Are you satisfied with the advice your attorney has given you? |
| 10 | . . . |
| | The Defendant: Yes. |
| 11 | . . . |
| 12 | The Court: Counsel, do you also believe you've had sufficient time to discuss the case and the agreement with your client and answer [her] questions? |
| 13 | |
| 14 | Mr. Schlein: Yes, Your Honor. |
| 15 | . . . |
| | The Court: Are you satisfied your client understands the agreement? |
| 16 | |
| 17 | Mr. Schlein: Yes, Your Honor. |
| 18 | (Tr. at 7:19–8:19.) |
| 19 | Statements made under oath and in open court are accorded significant weight, and Garcia's later contradictory allegations about being rushed and not having enough time to consider the agreement are insufficient to overcome that, or to require a hearing. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. |
| 20 | |
| 21 | |
| 22 | |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

1989) ("[S]olemn declarations in open court carry a strong presumption of verity.") (quoting *Blackledge*, 431 U.S. at 74).

The petition is **DENIED**.

**IT IS SO ORDERED**.

Dated: May 6, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge